# CASES

IN THE

# SUPREME JUDICIAL COURT

FOR

THE COUNTY OF PENOBSCOT, JUNE TERM, 1832.

---

## ROBERTS *vs.* ADAMS & *al.*

The incompetency of the indorser of a writ, to testify as a witness for the plaintiff, arising from his liability to costs, may be removed by the plaintiff, by depositing with the clerk such sum as the court shall deem sufficient for the purpose, out of which the defendant's costs are to be satisfied, in case he should finally prevail.

AT the trial of this cause, which was an action of replevin, the plaintiff offered one *Daniel A. Cressey* as a witness; who was objected to, and excluded, because he was liable to pay costs, as the indorser of the writ. The plaintiff then offered to deposit with the clerk, for the use of the defendants, a sum of money amply sufficient to pay all the costs which they might recover; and thereupon moved for the admission of the witness. But the Chief Justice, before whom the cause was tried, refused to admit him, and ordered a nonsuit, reserving the question for the consideration of the court.

2

*Abbot,* for the plaintiff, argued that the payment of the defendant's costs was in this case sufficiently secured by the bond, it being replevin; and that the indorsement of the writ was superfluous. *McDonald v. Morton,* 1 *Mass.* 543; *Abbot v. Crawford,* 6 *Greenl.* 214; 5 *Com. Dig. tit. Parl. R.* 15, 16; 1 *D. & E.* 261; 3 *East* 8; 2 *Stark. Evid.* 758; 1 *Bing.* 92; 3 *Sarg. & Rawle,* 311; 2 *Chitty's Rep.* 103; *Barnes* 69; 8 *Johns.* 318; 1 *Phil. Ev.* 68; 1 *Pet. C. C. R.* 301; *Bailey v. Hale,* 13 *Sarg. & Lowb.* 449; 2 *Sarg. & Rawle,* 119; 3 *Martin* 166.

*J. M'Gaw,* for the defendants, relied on the *Stat.* 1821. *ch.* 59. *sec.* 8; and cited *Talbot v. Whitney,* 10 *Mass.* 359; *How v. Codman,* 4 *Greenl.* 79; *Davis v. McArthur,* 3 *Greenl.* 27. He also argued that the indorsement of the writ created a contract, conditional indeed, but yet binding, between him and the defendants, which no tribunal or party had power to impair or control. It was a security offered, and accepted, for a future debt, which was uncertain. Such a contract cannot be affected by a tender, for the debt is not due; and therefore cannot be discharged by any deposit of money. *Ball v. Comstock,* 1 *Stra.* 575; *Caldwell v. Lovett,* 3 *Mass.* 422; *Kingman v. Pierce,* 17 *Mass.* 247; *Ely v. Forward,* 7 *Mass.* 28.

MELLEN C. J. delivered the opinion of the Court at the adjournment of *May* term in *Cumberland,* in *August* following.

It is not our province to inquire into the reasons which induced the Legislature to require that writs of replevin should be indorsed, or why a plaintiff should be obliged to indorse his own writ, if not indorsed by his attorney. The statute requires that all original writs should be indorsed by the plaintiff or his attorney before service; and a writ of replevin is certainly an original writ. The only question presented, arises upon the motion of the plaintiff's counsel to qualify *Daniel A. Cressey,* the indorser of the writ in this case, for admission as a witness, by depositing with the clerk of this court such a sum of money as the court shall deem amply sufficient for the payment of all costs which the defendants may, in any

event of the cause, recover against the plaintiff; the said sum to remain in court until judgment shall be rendered, and should it be rendered for the defendants, that then they shall have leave to take to their own use such part of said sum as shall be necessary to satisfy their costs as taxed and allowed by the court; the balance to be returned to the plaintiff. This is the import and essence of the motion. Without a release from the defendants or the qualification proposed, it is very clear the witness cannot be admissible. For it has often been decided in *Massachusetts* and in this State, that the court have no authority to permit the name of the indorser to be stricken out, and another name substituted in its stead; though in some States a different practice seems to have prevailed. In the parent Commonwealth and by this court it has been considered that the indorser of a writ, by the act of indorsing, enters into a contract with the defendant, of his interest in which the court have no legal authority to deprive him, and which they cannot impair. Even the Legislature of a State is prohibited by the constitution of the United States from passing any law impairing the obligation of contracts. Has this court then, power to produce the same effect? We apprehend not. But the foregoing objection is not applicable to the motion before us. To sustain it, will not impair any rights or affect any liabilities; it will only amount to an anticipated payment to the defendants of all costs which they may recover against the plaintiff, and may eventually recover on *scire facias* against the witness, as indorser, as soon as the same shall have been so recovered, taxed and allowed. In this mode the indorser is relieved from all possibility of loss or liability. It is strictly true that this arrangement essentially adds to the security and safety of the defendants, or it rather renders them absolutely certain. The case cited by the plaintiff's counsel where bail was admitted as a witness on the part of the defendant, on depositing in court the amount of the debt sworn to and costs, was decided on the same principle. To sustain the motion in this and similar cases will advance the cause of justice by admitting an indorser to testify. In many instances a plaintiff has been compelled to become nonsuit, because some un-

expected fact was found to depend on the testimony of the indorser. As to the danger of perjury, alluded to in the argument, it can be no greater than in those cases where releases are given at the bar upon the spur of the occasion. It is not probable that the testimony of the witness is more pure after the release is given than before. Our opinion is that by the plaintiff's depositing with the clerk of the court two hundred dollars, as costs, to be retained by him and finally disposed of as above mentioned in this opinion, the said *Daniel A. Cressey* will stand admissible as a competent witness in the trial of the cause.